IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 24, 2010

**LARRY C. THOMPSON, JR. v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-B-861     Steve Dozier, Judge**

**No. M2009-02078-CCA-R3-PC - Filed December 8, 2010**

Defendant, Larry C. Thompson, Jr., has appealed from the trial court's order which denied Defendant's "Motion to Reopen and Suspend Sentence." The sentence which Defendant sought to "reopen" and suspend was entered May 10, 2004. The motion to "reopen" and suspend the sentence was not filed until over five years later in July 2009. After a review of the record and the briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Larry C. Thompson, Jr., Pikeville, Tennessee, *pro se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Rachel Sobrero, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

Defendant was originally found guilty of second degree murder pursuant to a negotiated plea agreement and was given an eight-year sentence to be served in the Community Corrections Program. After a second violation of the provisions of his sentence, Defendant's Community Corrections sentence was revoked. Following a new sentencing hearing, Defendant was sentenced to serve eleven years in the Department of Correction. One basis for enhancement of the sentence from eight years to eleven years was Defendant's criminal convictions and criminal behavior, including eight prior misdemeanors in addition

to eight violations of orders of protection. This was the amended judgment entered in May 2004.

There is no indication in the record that Defendant appealed the amended judgment entered in May 2004. Also, there is no indication that Defendant has ever filed a post-conviction proceeding regarding the amended judgment. However, the "Motion to Reopen and Suspend Sentence" which is the subject of this appeal includes allegations which would be appropriate for a motion to reopen a post-conviction proceeding pursuant to Tennessee Code Annotated section 40-30-117. Obviously, a motion to reopen pursuant to section 40-30-117 is not appropriate when a post-conviction petition has never been filed in a proceeding.

Defendant's underlying theory for relief is that (1) his Community Corrections sentence was revoked because of a conviction for assault in the General Sessions Court of Davidson County, and (2) after the conviction for assault was appealed to the Criminal Court for a de novo hearing, the charges were dismissed in 2008.

Thus, Defendant asserted in his motion in the case *sub judice* that Tennessee Code Annotated section 40-30-117(a)(3) entitles him to relief because, as that subsection reads,

> The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in this case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid[.]

However, as noted above, the provisions of Tennessee Code Annotated section 40-30-117 are applicable *only* "to *reopen* the first post-conviction petition." (Emphasis added). No matter how Defendant has described his pleading, there is nothing in the record to indicate a prior post-conviction petition existed to be reopened. Furthermore, the trial court made clear in its sentencing order in 2004 that the increase in Defendant's sentence following revocation of his Community Corrections sentence was justified by *eight* prior misdemeanor convictions and eight prior violations of orders of protection. Revocation of the Community Corrections sentence was based upon criminal conduct proven at the revocation hearing, not upon the conviction in General Sessions Court which was later set aside upon appeal. Defendant is not entitled to relief in this appeal.

**CONCLUSION**

Based upon a thorough review of the record and the briefs, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE